## McGOVERN v. CITY OF NEW YORK.

ERROR TO THE SUPREME COURT OF THE STATE OF· NEW YORK.

No. 15. Argued November 8, 1912.—Decided June 9, 1913.

Where the state statute requires condemnation commissioners to determine the just and equitable compensation, any wrong done, so far as amount is concerned, is due not to the statute, but to errors of the court as to evidence or measure of damages.

A judgment by which an owner of condemned property gets less than he ought, and in that sense is deprived of his property, cannot come to this court on the constitutional question unless there is something more than an ordinary honest mistake of law in the proceedings. *Backus* v. *Fort Street Depot*, 169 U. S. 557.

The final judgment of a state court in condemnation proceedings should not be held to violate the due process provision of the Fourteenth Amendment unless the rulings of law prevented the owner from obtaining substantially any compensation. *Appleby* v. *Buffalo*, 221 U. S. 524.

Enhanced value of property as a part of a great public work depends upon the whole land necessary being taken therefor. The chance that all the property necessary can be acquired without the exercise of eminent domain is too remote and speculative to be allowed. *C., B. & Q. Ry.* v. *Chicago*, 166 U. S. 226.

The owner of property taken in eminent domain proceedings is entitled to be paid only for what is taken as the title stands, *Chamber of Commerce* v. *Boston*, 217 U. S. 189; hypothetical possibilities of change cannot be considered. *United States* v. *Chandler-Dunbar Water Co., ante*, p. 53, followed, and *Boom Co.* v. *Patterson*, 98 U. S. 403, distinguished.

A wide discretion is allowed the trial court in regard to admission of evidence as to the value of property taken by eminent domain, and this court will not interfere on the ground of denial of due process of law where there was no plain disregard of the owner's rights.

195 N. Y. 573, affirmed.

THE facts, which involve the validity of an award in a proceeding for condemnation of land for the water supply system of New York City, are stated in the opinion.

*Mr. Edward A. Alexander*, with whom *Mr. Jerome H. Buck, Mr. J. J, Darlington* and *Mr. George Gordon Battle.* were on the brief, for plaintiff in error:

The Commissioners of Appraisal, and the courts of New York, confiscated claimant's property in entirely excluding from consideration, as an element of value, its adaptability for use as part of a reservoir site.   An owner is entitled to have his interest valued upon a consideration of all the uses for which his property is available and adaptable.

The decision below overrules *Boom Co.* v. *Patterson*, 98 U. S. 403.

Just compensation means the fair and full money value of the property taken; this value of the property taken means its market value.   As to what market value means, see *Wetmore* v. *Rymer*, 169 U. S. 115, 128.

There is no market value, in the strict sense of the term, for real estate, and especially for country real estate, in the sense that there is market value for stocks, bonds and produce.   *Sargent* v. *Merrimac*, 196 Massachusetts, 171.

In New York the courts will not set aside awards of Commissioners, although the awards may be inadequate. An award must be so inadequate that it is shocking to the sense of justice before they will set it aside.   *Flynn* v. *Brooklyn*, 19 App. Div. 602; *Long Island R. R. Co.* v. *Reilly*, 89 App. Div. 166. –

An inadequate award, even though not shockingly so, is, nevertheless, not just compensation.   Only an adequate award is just compensation.

The state courts have wholly, entirely and completely confiscated the claimant's property.

While the owner is not permitted to take advantage of the necessities of the condemning party, he is entitled to have the value of his property considered, with reference to its adaptability for any and all uses to which it may be devoted.

Fitness of lands for particular purposes is an element

in estimating their market value. *Boom Co.* v. *Patterson,*
98 U. S. 403; Sedgwick on Damages, § 1075; *Louisville
Ry. Co.* v. *Ryan,* 64 Mississippi, 309; *Seattle Ry. Co.* v.
*Murphine,* 4 Washington, 448, 456; *Matter of Staten Island
R. R. Co.,* 10 N. Y. St. Rep. 393; *Russell* v. *St. Paul Ry.
Co.,* 23 Minnesota, 210; *Sanitary District* v. *Loughran,* 160
Illinois, 362; *McGroarty* v. *Coal Co.,* 212 Pa. St. 53; *Paine*
v. *Kansas Valley R. R. Co.,* 46 Fed. Rep. 546, 557; *Amos-
keag Co.* v. *Worcester,* 60 N. H. 522; *Harwood* v. *West
Randolph,* 64 Vermont, 41; *Gardiner* v. *Brookline,* 127
Massachusetts, 358; *Conness* v. *Commonwealth,* 184 Massa-
chusetts, 541; *Gage* v. *Judson,* 111 Fed. Rep. 358.

It has been the uniform rule in ascertaining the value
of property taken for a public use that all the capabilities
of the property and the uses to which it may be applied, or
for which it is adapted, are to be considered, and not
merely the condition which it is in at the time and the use
to which it is then applied by the owner. *Hooker* v. *M. &
W. R. R. Co.,* 62 Vermont, 47; *Syracuse* v. *Stacy,* 45 App.
Div. 249, 254; *Matter of N. Y., L. & W. R. Co.,* 27 Hun,
116; *Benham* v. *Dunbar,* 103 Massachusetts, 368. See
also to the same effect: *Matter of Furman Street,* 17 Wend.
649, 669; *College Point* v. *Dennett,* 5 T. & C. 217; *Matter of
Commissioners,* 37 Hun, 537, 555; *Matter of Union E. L.
R. R. Co.,* 55 Hun, 163; *Matter of Daly,* 72 App. Div. 396.

In this case the city is condemning property from which
it will derive a commercial profit, and in that respect is
different from that of a public park or public school, or
fortification, where the property is condemned exclusively
and solely for public benefit.

The proposed testimony offered and rejected by the
state courts is not speculative. *Matter of Gilroy,* 85 Hun,
424, 426.

Such testimony is no more guesswork in this case, than
in any other where the special adaptability of property is
taken into consideration. *Blake* v. *Griswold,* 103 N. Y.

429, 436; 12 Amer. & Eng. Encyc. of Law, 2d ed., 484, citing *Spring Valley Water Works* v. *Drinkhouse,* ' 92 California, 528; *Chandler* v. *Jamaica Pond Aqueduct,* 125 Massachusetts, 544; *Lake Shore Ry. Co.* v. *Chicago R. R. Co.,* 100 Illinois, 21, 33; *Read* v. *Barker,* 30 N. J. L. 378; *S. C.,* 32 N. J. L. 477; *Lowell* v. *Middlesex County,* 146 Massachusetts, 403; *Warren* v. *Spencer Water Co.,* 143 Massachusetts, 155.

Claimant is not seeking to measure the value of his land by the profits which the city will derive from its use. He contends, however, that the savings accruing to the condemning party by taking the particular land in question in preference to other land of a similar character, which saving would accrue to any person using the land for the same purposes, must be taken into consideration, as competent evidence of the market value of the property. *Boom Co.* v. *Patterson,* 98 U. S. 403; *Great Falls Mfg. Co.* v. *United States,* 16 Ct. Cl. 160, aff'd, 112 U. S. 645.

In Great Britain in reservoir site cases, availability and adaptability must be taken into consideration. *Manchester* v. *Countess Ossilinski* (unreported, but cited in *Re Brookfield,* 176 N. Y. 138, Vol. 2043, N. Y. Law Institute Library); *Currie* v. *Waverly &c. Ry. Co.,* 52 N. J. L. 381, 394; *In re Gough,* L. R. 1904, 1 K. B. 417.

The executive department of this State has always taken adaptability of property into consideration in making purchases, as may be seen in the acquisition of the forest reserves.

A prior demand for the particular property is entirely immaterial, but as a matter of fact there were a number of prior demands for this particular property for this very purpose, and offers were made to prove this.

The reasoning by which the Appellate Division of the Supreme Court of New York State reached its conclusion, which was affirmed without opinion by the Court of Appeals, so far as it is clear and to be understood, is un-

sound in principle and necessarily léads to a false result and to the confiscation of the property of plaintiff in error.

The market price considered by the Commissioners apparently was the value of the property in the local market, i. e., the adaptability to farm purposes.

But the local market, and the necessities of the rural community, should not govern the value of this property, if it can be shown that it has a special value for millions of citizens in New York, and for hundreds of thousands of people in other municipalities. The claimant offered to prove that it is available for this special purpose and that it has an enormous value in such broader market, but he has been deprived of all opportunity to produce evidence upon these two points. *Langdon* v. *Mayor*, 133 N. Y. 628, 630. *Boom Co.* v. *Patterson*, 98 U. S. 403, and *Matter of Gilroy*, 85 Hun, 424, are controlling authorities. The cases relied upon by the Appellate Division do not overrule these authorities. The cases of *Albany Northern R. R. Co.*, 16 Barb. 68; *Matter of Daly*, 72 App. Div. 394; *Matter of East River Gas Co.*, 119 App. Div. 350; *Moulton* v. *Newburyport Water Co.*, 137 Massachusetts, 163; *Matter of N. Y. L. & W. R. R. Co.* v. *Arnot*, 27 Hun, 151; *Daly* v. *Smith*, 18 App. Div. 197; *Matter of New York*, 118 App. Div. 272; *St. Johnsville* v. *Smith*, 184 N. Y. 34, can be distinguished.

Market value is not always the true measure of just compensation as between an unwilling seller and a willing purchaser. *Sloane* v. *Baird*, 162 N. Y. 327, 330; *Murray* v. *Stanton*, 99 Massachusetts, 345; *Matter of Furman Street*, 17 Wend. 648, 671.

The adaptability of land for use as a reservoir or for water purposes has been taken into consideration as an element of value of such land in a number of well decided and carefully considered cases, both in Great Britain and in the United States. See Cripps Law of Compensation; *Gearhart* v. *Clear Spring Water Co.*, 202 Pa. St. 292.

The fact that the plaintiff in error did not or could not alone use his property as a reservoir site does not deprive that property of its value as a reservoir site or a portion of a reservoir site. *Boom Co. v. Patterson, supra; C. N. W. R. R. Co. v. C. & E. R. R. Co.*, 112 Illinois, 609; *Hooker v. N. & W. R. R. Co.*, 62 Vermont, 47; *Railway Co. v. Woodruff*, 49 Arkansas, 381; *Mississippi Bridge Co. v. Ring*, 58 Missouri, 491.

The fact that plaintiff in error was the owner of only a part of the reservoir site does not prevent that element of value being considered. It only goes to the weight that should be given to the evidence and the amount that should be allowed for this element of value. See *Gilroy Case*, 85 Hun, 424; *San Diego Land Co. v. Neale*, 78 California, 63, 72.

By refusing to take into consideration, in estimating the value of the claimant's property, the value of its use or availability for use as a reservoir site, the plaintiff in error has been deprived of his property, without due process of law, and has been denied the equal protection of the law in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States. *Yesler v. Harbor Commissioners*, 146 U. S. 646; *People v. Supervisors*, 70 N. Y. 228, 234.

It is not due process of law, where the courts apply a rule of law in absolute disregard of the right to just compensation. *Chi., B. & Q. Rd. Co. v. Chicago*, 166 U. S. 226; *Backus v. Fort St. Depot Co.*, 169 U. S. 557, 565.

The term "just compensation" as used in this statute should be liberally construed in favor of the property owner and in case of any doubt the property owner should receive the benefit of the doubt.

Eminent domain statutes are construed most strictly against the condemning party. Cooley on Const. Lim. See also: *Appleby v. Buffalo*, 221 U. S. 524, 529; *Twining v. New Jersey*, 211 U. S. 78, 91; *Raymond v. Chicago Trac-*

*tion Co.*, 207 U. S. 20, 35, 36; *Londoner v. Denver*, 210 U. S. 373, 386.

The capabilities of the property of the plaintiff in error, its adaptability and availability for use as part of a reservoir sité, constitute commercial value and property. The term "property" means the right to use, exercise dominion over, and dispose of some particular thing or object. Property means ownership, the exclusive right of a person to freely use, enjoy and dispose of any object, whether real or personal. *Hamilton v. Rathbone*, 175 U. S. 421; *Buffalo v. Babcock*, 56 N. Y. 268; *Matter of Jacobs*, 98 N. Y. 98, aff'g, 33 Hun, 374.

Mr. Louis C. White, with whom Mr. Archibald R. Watson and Mr. Wm. McM. Speer were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding for the taking of land to be used for a reservoir to secure an additional supply of water for the City of New York. Commissioners were appointed, as provided by the constitution of the State, to ascertain the compensation to be paid. Land belonging to the plaintiff in error, McGovern, was among the many parcels taken and the question brought here arises on the refusal of the Commissioners to admit certain evidence as to the exceptional value of the land for a reservoir site, the exclusion of which, it was alleged, had the effect of depriving McGovern of his property without due process of law, contrary to the Fourteenth Amendment of the Constitution of the United States. The offer of proof as first made embraced many facts and covers six octavo pages of the record. This was rejected, the Commissioners, as we understand their ruling, considering it only as a unit, and as containing inadmissible elements, which probably it

did. The offer then was made "to prove the fair and reasonable market value of this piece of property taking into consideration that element of value which gives it an enhanced value because it is part of a natural reservoir site;" also "to prove the fair and reasonable value of the Ashokan reservoir site which the City of New York is now condemning," and that the Ashokan reservoir site (as a whole) was the best and most available site for the purpose of obtaining an additional water supply. These offers were enough to raise the question discussed, although the last one was only a reiteration of what was alleged in the original petition for the taking of the land and stood admitted on the record. The action of the Commissioners was affirmed by the courts of New York. 130 App. Div. 350, 356; 195 N. Y. 573.

The statute requires the Commissioners to determine 'the just and equitable compensation which ought to be made.' If there has been any wrong done it is due not to the statute but to the courts having made a mistake as to evidence, or at most as to the measure of damages. But of course not every judgment by which a man gets less than he ought and in that sense is deprived of his property can come to this court. The result of a judgment in trover, at least if satisfied (*Lovejoy* v. *Murray*, 3 Wall. 1; *Miller* v. *Hyde*, 161 Massachusetts, 472), is to pass property as effectually as condemnation proceedings—yet no one would contend that a plaintiff could come here under the Constitution simply because of an honest mistake to his disadvantage in laying down the rule of damages for conversion. If the plaintiff could bring such a case to this court, one might ask why not the defendant for a mistake in the opposite direction that will deprive him of money that he is entitled to keep.

When property is taken by eminent domain it equally is recognized that there must be something more than an ordinary honest mistake of law in the proceedings for

compensation before a party can make out that the State has deprived him of his property unconstitutionally. *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 575, 576. As it is put in the case most frequently cited in favor of the right to a writ of error, "we are permitted only to inquire whether the trial court prescribed any rule for the guidance of the jury that was in absolute disregard of the company's right to just compensation." And again the final judgment of a state court "ought not to be held in violation of the due process of law enjoined by the Fourteenth Amendment unless by the rulings upon questions of law the company was prevented from obtaining substantially any compensation." *Chicago, Burlington & Quincy R. R. Co.* v. *Chicago*, 166 U. S. 226, 246, 247; *Appleby* v. *Buffalo,* 221 U. S. 524, 531, 532.

The present case of course does not show disregard of McGovern's rights or that he was prevented from obtaining substantially any compensation. Even if the plaintiff in error is right, it shows only that the Commissioners and courts of New York adopted too narrow a view upon a doubtful point in the measure of damages. It hardly even is so strong as that; for the ruling of the Commissioners is not to be taken as an abstract universal proposition, but the judgment concerning this particular case found by men presumably, as the plaintiff in error says, men of experience who had or were free to acquire outside information concerning the general conditions of the taking and the selected site. The plaintiff in error quotes authority that, probably for this reason, the New York courts will not set aside an award of such Commissioners unless so palpably wrong as to shock the sense of justice. It is conceded 'that the owner is not permitted to take advantage of the necessities of the condemning party,' and it would seem that it well might be that the Commissioners regarded it as too plain to be shaken by evidence, on the public facts, that the value of the land for a reservoir

site could not come into consideration except upon the hypothesis that the City of New York could not get along without it and that its only means of acquisition was voluntary sale by owners aware of the necessity and intending to make from it the most they could. It is just this advantage that a taking by eminent domain excludes.

But if the rulings complained of be taken as universal propositions they present no element of the arbitrary even if they should be thought to be wrong. The enhanced value of the land as part of the Ashokan reservoir depends on the whole land necessary being devoted to that use. There are said to have been hundreds of titles to different parcels of that land. If the parcels were not brought together by a taking under eminent domain, the chance of their being united by agreement or purchase in such a way as to be available well might be regarded as too remote and speculative to have any legitimate effect upon the valuation. See *Chicago, Burlington & Quincy R. R. Co.* v. *Chicago*, 166 U. S. 226, 249. The plaintiff in error was entitled to be paid only for what was taken from him as the titles stood, and could not add to the value by the hypothetical possibility of a change unless that possibility was considerable enough to be a practical consideration and actually to influence prices. *Boston Chamber of Commerce* v. *Boston*, 217 U. S. 189, 195. In estimating that probability the power of effecting the change by eminent domain must be left out. The principle is illustrated in an extreme form by the disallowance of the strategic value for improvements of the island in St. Mary's River in *United States* v. *Chandler-Dunbar Water Power Co., ante*, p. 53.

The plaintiff in error relies upon cases like *Mississippi &c. Boom Company* v. *Patterson*, 98 U. S. 403, to sustain his position that while the valuation cannot be increased by the fact that his land has been taken for a water supply still it can be by the fact that the land is valuable for that purpose. The difficulties in the way of such evidence and

the wide discretion allowed to the trial court are well brought out in *Sargent* v. *Merrimac*, 196 Massachusetts, 171. Much depends on the circumstances of the particular case. We are satisfied on all the authorities that whether we should have agreed or disagreed with the Commissioners, if we had been valuing the land, there was no such disregard of plain rights by the courts of New York as to warrant our treating their decision, made without prejudice, in due form and after full hearing, as a denial by the State of due process of law.

*Judgment affirmed.*

MR. JUSTICE DAY dissents.