SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY *v.* STATE OF WASHINGTON, EX REL. LINHOFF.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 107. Argued December 9, 1913.—Decided December 22, 1913.

This court does not sit to revise the construction of documents by the state courts, even if alleged to be contracts within the protection of the Federal Constitution. *Fisher* v. *New Orleans*, 218 U. S. 438.

It takes more than a misconstruction by the state court to make a case under the Fourteenth Amendment.

The state court, and not this court, is the judge of its own jurisdiction.

This court will not hold that the state court had no jurisdiction to determine rights under an ordinance because it had been superseded by a later ordinance when the latter does not appear in the record,

and the highest court of the State has held in another case that it does not affect the case at issue.

Writ of error to review 62 Washington, 544, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the state courts, are stated in the opinion.

*Mr. James A. Kerr* for plaintiff in error, submitted.

*Mr. Howard A. Hanson,* with whom *Mr. William B. Allison, Mr. James E. Bradford* and *Mr. Ralph S. Pierce* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This writ of error seeks to reverse a judgment in mandamus requiring the plaintiff in error, a street railway, to issue and accept transfers to and from the Seattle Electric Company, another street railway, redeemable by payment of two cents and a half for the ordinary five cent fares and of one cent and a quarter for school childrens' tickets costing two cents and a half. 62 Washington, 544. The Seattle Electric Company was made a defendant but did not appeal from the judgment of the court of first instance, affirmed by the Supreme Court. The plaintiff in error contends that its property is taken without due process of law by the construction given to the ordinance under which it was operating its line when the suit was brought. That ordinance requires a division "on the basis of settlement that the transfer is to be redeemed at or for such a proportionate part of the fare paid as the run or local route of the car on which transfer is received, bears to the sum of the runs of the local route of the cars from which the transfer is issued and on which the transfer is received." The Supreme Court construed the words 'or local route' as meaning 'the entire distance the passenger may travel upon that system of railway as if he had paid the ordinary

fare, whether he changes cars upon that system or not.'
62 Washington, 549. Noting that the Electric Company
had not appealed, it decided for an equal division of the
fares. At every point of intersection between the two
roads, the line of the Electric Company is longer than that
of the plaintiff in error. In some cases a single car is
routed over the entire length, in others the routes are
divided, but a passenger is entitled to a transfer that will
take him the whole length in the same general direction.
Whether there shall be a continuous single route or a
divided one is determined by each company for itself.

The possibility of a different construction and the
grounds for the one adopted both are obvious, but this
court does not sit to revise the construction of documents
by state courts, even if alleged, as this ordinance is not
alleged, to be contracts protected by the Constitution of
the United States. *Fisher* v. *New Orleans*, 218 U. S. 438.
There is no impairment of rights by later legislation, and
it takes more than a possible misconstruction by a court
to make a case under the Fourteenth Amendment. *Cross
Lake Shooting & Fishing Club* v. *Louisiana*, 224 U. S. 632,
638; *Ross* v. *Oregon*, 227 U. S. 150, 162; *McGovern* v. *New
York*, 229 U. S. 363, 370, 371.

The plaintiff in error put forward suggestions of want of
jurisdiction of the Supreme Court, &c., on the ground that
since this suit was begun the ordinance referred to has been
superseded by another. The Supreme Court, not we, is
the judge of its own jurisdiction, but the later ordinance
does not appear in the record. It was held not to affect
the case when brought up at an earlier stage. 62 Wash-
ington, 124. In short, while the Railway seems to have
brought the case here under a strong conviction as to
what were its rights and although it refers to the Con-
stitution in its answer, it discloses no grievance for which
it is entitled to any remedy in this court.

                                  *Writ of error dismissed.*