**UNITED STATES v. HAYMAN et al.**

No. 7200.

Circuit Court of Appeals, Seventh Circuit.

Oct. 25, 1940.

Dougherty, Arnold & Kivett, and Suel O. Arnold, all of Milwaukee, Wis., for appellants.

Norman M. Littell, Asst. Atty. Gen., Berthold J. Husting, U. S. Atty., of Milwaukee, Wis., and Charles R. Denny, Robert H. Fabian, and Francis Hoague, Attys., Department of Justice, all of Washington, D. C., for plaintiff-appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This appeal arises out of an action brought by the United States to condemn certain lands in the state of Wisconsin for the use of the Bureau of Air Commerce, now the Civil Aeronautics Authority. Commissioners were appointed for the purpose of estimating and determining the value of the different interests in the land in question; and the Commissioners fixed the damages to the interest of the defendants in the sum of $4,000. The defendants appealed to the District Court from the award of the Commissioners and the jury awarded the defendants damages in the sum of $3,500. This appeal is taken from the judgment of the District Court entered upon the verdict of the jury.

The land in question had been leased on August 8, 1932, to the United States. By the terms of the lease it was renewable by the United States from year to year until June 30, 1939; and in addition the lease included an option permitting the United States to purchase the property for $8,000. The trial court refused to allow the introduction in evidence of the option provision in the lease; and also excluded evidence offered by the defendants to show the estimated cost to the government of removing from the land in question certain beacon towers which the government had constructed during the period of the lease.

The errors relied upon for reversal may be summarized as follows: (1) the trial court erred in excluding the option of pur-

chase as evidence of value; (2) the trial court erred in excluding evidence of estimated cost of removing beacon towers which had been constructed on the land by the government while holding possession under the lease; and (3) the trial court erred in submitting a general verdict and in refusing to submit a special verdict to the jury.

Defendants cite no authority in support of their contention that it was error for the trial court to exclude the option from the consideration of the jury. The lease containing the option was executed in 1932, was not exercised by the United States, and expired by its own terms on June 30, 1934. At the most, as evidence of value, the option constituted an irrevocable offer to sell the land to the United States for a fixed sum, which represented defendants' estimate in 1932, about six years before the initiation of the condemnation proceedings. As proffered evidence it was a self-serving statement and did not constitute an admission, or even an expression of opinion, by the United States Government that the sum stated in the option represented the value of the land. In Atkinson v. Chicago & Northwestern R. Co.[1] the Supreme Court of Wisconsin held that even the amount of previous offers to the owner of land was not competent on the question of damages. The court further stated that evidence of actual bona fide sales of like lands similarly situated, "might be properly received, especially on cross-examination, but not mere offers, even for the identical lands."

We are of the opinion that the trial court properly refused to allow the option to be introduced as evidence of value.

We are of the opinion that the trial court did not err in excluding evidence respecting the cost of removal of the beacon towers, which had been placed upon the property by the United States during the life of the lease which was still in force at the time of the condemnation proceedings. By the terms of the lease the towers remained the property of the United States and the government reserved the privilege of removing the same at the end of the lease or within ninety days thereafter. It is obvious that if the government should fail to remove the property before the expiration of the ninety days after the termination of the lease the United States would lose the value of the property. On the other hand removal of the property by the government would entail considerable expense. The defendants argue that the fair market value of the land would be enhanced by the fact that prospective purchasers would take into consideration the government's willingness either to renew the lease or to purchase the property in order to avoid the expense incident to the removal of the towers.

As pointed out in plaintiff's brief the argument of the defendants resolves itself into the contention that the land in question has a higher than ordinary market value because of its special value to the United States. But such contention runs counter to the uniformly announced rule of the cases that the condemnee is compensated for his loss, or damages, and not for any special advantage or benefit which may come to the condemnor. As stated by the Supreme Court of the United States, "the question is, What has the owner lost? not, What has the taker gained?"[2]

In support of their contention that the trial court erred in submitting a general verdict to the jury instead of a special verdict, the defendants assume that in condemnation proceedings the Federal District Court was required by federal statute to follow the Wisconsin law as to procedure, mode of trial, and assessment of damages; and defendants further urge that it is settled law in Wisconsin that in condemnation cases the damages to which the owner is entitled is the difference between the fair market value of the tract of land before the taking and the fair market value of the remainder after the taking. The defendants then conclude that the District Court was required to submit to the jury two questions: (1) What is the present fair market value of the fifty-four acres of the defendants' property considered as a whole (exclusive of buildings)? (2) What will be the present fair market value of the remaining 44.4 acres (exclusive of the buildings) after the taking of 9.96 acres?

---

[1] 93 Wis. 362, 367, 67 N.W. 703, 705.

[2] Boston Chamber of Commerce v. Boston, 217 U.S. 189, 195, 30 S.Ct. 459, 460, 54 L.Ed. 725; See also United States v. Chandler-Dunbar Co., 229 U.S. 53, 33 S. Ct. 667, 57 L.Ed. 1063; Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L. Ed. 1236; McGovern v. New York, 229 U.S. 363, 33 S.Ct. 876, 57 L.Ed. 1228, 46 L.R.A.,N.S., 391; Old Dominion Land Co. v. United States, 269 U.S. 55, 46 S. Ct. 39, 70 L.Ed. 162.

602

Granting that the defendants are correct in their foregoing assumption and conclusion, they are confronted by the difficulty that the record fails to show compliance with the Wisconsin Statute respecting special verdicts. The Wisconsin Statute provides that "The court may, and when requested by either party, before the introduction of any testimony in his behalf, shall direct the jury to find a special verdict. * * * "[3]

■ The motion for a new trial which the record shows was filed on April 13, 1939, which was eight days after verdict, recites as grounds for a new trial that the court erred in submitting a general verdict and in refusing to submit a special verdict, "as requested by the respondent." There is no recital that the request was made prior to the submission of evidence by the defendants. The record contains an order of the presiding judge of the District Court, dated the 15th day of January, 1940, which shows "that the annexed request for special verdict * * * be filed as a part of the record herein for the purpose of an appeal. * * * " But the annexed request contains no recital of the time at which the request for a special verdict was made to the court. In the absence of a showing that the request meets the requirements of the Wisconsin statute, it is within the discretion of the court to submit either a special verdict or a general verdict. Consequently, the defendants fail to show any error.

■ Also, prior to the retirement of the jury to the jury room, the District Court announced the form of the verdict which would be submitted to the jury and asked counsel whether they had any exceptions. One of the defense attorneys asked that an instruction be given and the trial court instructed the jury as requested. No objection was made to the proposed form of verdict. This action by the District Court is the only thing in the record which possibly can be construed as a denial of a request for the submission of a special verdict; but if it be construed as a denial, and even assuming that such request had been made seasonably, defendants cannot take advantage of it since they acquiesced in the form of the verdict proposed by the court.

■ We might add that we see no reason for concluding that the defendants were prejudiced by their failure to obtain a submission of the questions to the jury. The trial court did not restrict defendants' evidence which related to the present fair market value of the entire tract of land and the fair market value of the remainder after the taking of 9.96 acres. The jury had before it this type of testimony from both defendants and plaintiff and must have understood that the defendants' damages included the value of the property which was taken, plus any depreciation in value of the remainder resulting from the taking.

The judgment of the District Court is affirmed.

---

[3] Wisconsin Statute (1937) Sec. 270.27.