COUNTY OF ESSEX, A PUBLIC CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. THEODORE M. HINDENLANG, THEODORE G. HINDENLANG, EMMA B. HINDENLANG, DEFENDANTS-APPELLANTS.

Argued May 20, 1957—Decided June 20, 1957.

*Mr. Theodore G. Hindenlang, pro se,* argued the cause for the appellants.

*Mr. Marshall Crowley* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J.   This is an appeal from a judgment of the Appellate Division, which unanimously affirmed a judgment of the Superior Court, Law Division, in an action in eminent domain, awarding to the defendants-appellants the sum of $20,000 for the property taken.   The case was tried before Judge Colie without a jury.

The appellants appeal to this court as a matter of right and there is an objection *in limine* that no appeal as a matter of right lies to this court under *Const.* 1947, *Art.* VI, *Sec.* V, *par.* 1, as implemented by *R. R.* 1:2–1.   No application for certification has been made under *R. R.* 1:10.

Appellants contend, however, that the question before this court is that of just compensation to be paid to the owner of property in condemnation proceedings and that there is implicit in such a question a constitutional question.   The mere argument that the award is inadequate

is not sufficient to raise any constitutional question unless the award or price fixed can be said to be arbitrary and confiscatory.

With this principle in mind we have examined the proofs. The highest value testified to was $26,500 by the appellants' expert, while one expert for the respondent testified as to a value of $18,500 and another fixed it at $20,000. The value testified to for the respondent on the face of the record seems to be supported by a more intimate knowledge of the property, including some prior fire damage which was an element to be considered.

. We have here solely a question of fact based upon an interpretation and evaluation of expert testimony. Judge Colie viewed the premises before making his decision and certainly was in a better position than we are to evaluate the conflicting testimony. The appellants' contention seems to be there was no alternative except to regard the testimony of their witnesses as conclusive. This is the only basis upon which they can urge that there was no substantial evidence to support his judgment.

Much more proof is needed to establish that the action of the trial court was confiscatory and arbitrary as to amount to a denial of due process. Mere inadequacy of the award is not ordinarily sufficient to constitutionally support the proposition that an owner has been deprived of his property without due process of law.

In *Roberts v. City of New York*, 295 *U. S.* 264, 277, 278, 55 *S. Ct.* 689, 691, 79 *L. Ed.* 1429, 1435, 1436 (1935), Mr. Justice Cardozo, with his usual clarity, stated the reasons that support this conclusion, where he said:

" 'If there has been any wrong done it is due not to the statute, but to the courts having made a mistake as to evidence, or at most as to the measure of damages.' *McGovern v. City of New York*, 229 *U. S.* 363, 370, 33 *S. Ct.* 876, 57 *L. Ed.* 1228 [1231], 46 *L. R. A.*, *N. S.*, 391. Not every such mistake amounts to a denial of constitutional immunities, though the outcome is to give the owner less than he ought to have. In condemnation proceedings as in lawsuits generally the Fourteenth Amendment is not a guaranty that a trial shall be devoid of error. *West Ohio Gas Co. v. Public Utilities Commission*, 294 *U. S.* 63, 70, 55 *S. Ct.* 316,

79 *L. Ed.* 761 [768]. To bring about a taking without due process of law by force of such a judgment, the error must be gross and obvious, coming close to the boundary of arbitrary action. The test has been differently phrased by different judges and in different contexts. At times we find the statement that the Constitution is not infringed unless there has been 'absolute disregard' of the right of the owner to be paid for what is taken. *Chicago, B. & Q. R. Co. v. [City of] Chicago,* 166 *U. S.* 226, 246, 17 *S. Ct.* 581, 41 *L. Ed.* 979 [988]; *Backus v. Fort Street Union Depot Co.,* 169 *U. S.* 557, 565, 18 *S. Ct.* 445, 42 *L. Ed.* 853 [857]; *Appleby v. [City of] Buffalo,* 221 *U. S.* 524, 532, 31 *S. Ct.* 699, 55 *L. Ed.* 838 [842]. At other times we are told that due process is not lacking unless 'plain rights' have been ignored, with a reminder that much will be overlooked when there is nothing of unfairness or partiality in the course of the proceedings. *McGovern v. City of New York, supra,* 229 *U. S.* 363, at *page* 373, 33 *S. Ct.* 876, 57 *L. Ed.* 1228 [1232], 46 *L. R. A., N. S.,* 391. From the very nature of the problem these phrases and others like them are approximate suggestions rather than scientific definitions. In last resort the line of division is dependent upon differences of degree too subtle to be catalogued. *Hudson County Water Co. v. McCarter,* 209 *U. S.* 349, 355, 28 *S. Ct.* 529, 52 *L. Ed.* 828 [831], 14 *Ann. Cas.* 560; *Klein v. Tax Supers.,* 282 *U. S.* 19, 23, 51 *S. Ct.* 15, 75 *L. Ed.* 140, 142, 73 *A. L. R.* 679. *Cf. Davidson v. [City of] New Orleans,* 96 *U. S.* 97, 104, 24 *L. Ed.* 616 [619]. One cannot hope to mark its bearings in a sentence or a paragraph. Enough for present purposes that when the hearing has been full and candid, there must ordinarily be a showing of something more far-reaching than one of dubious mistake in the appraisal of the evidence. Due process is a growth too sturdy to succumb to the infection of the least ingredient of error. 'It takes more than a possible misconstruction by a court to make a case under the 14th Amendment.' *Seattle, R. & S. R. Co. v. State of Washington,* 231 *U. S.* 568, 570, 34 *S. Ct.* 185, 58 *L. Ed.* 372 [374]."

The argument advanced here relates only to the due process question, which is a constitutional problem separate and distinct from a challenge to an improper exercise of the power of eminent domain pursuant to *Const.* 1947, *Art.* I, *par.* 20. In this cause such a challenge was made and disposed of in *Essex County v. Hindenlang,* 35 *N. J. Super.* 479 (*App. Div.* 1955). In the latter instance, the judicial review necessarily is broader and of a more significant scope because the power conferred upon the Legislature is not omnipotent or unlimited. *Cf. Valentine v. Lamont,* 13 *N. J.* 569, 576 (1953), and the cases cited there.

■ We have reviewed the case on the merits and find no basis for disturbing the judgment entered below; however, we have found that no constitutional question has been presented by *Const.* 1947, *Art.* VI, *Sec.* V, *par.* 1 and *R. R.* 1 :2–1.

This appeal is dismissed. No costs.

*For dismissal*—Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and WEINTRAUB—6.

*Opposed*—None.