**UNITED STATES of America,**
**Appellee,**

v.

**883.89 ACRES OF LAND, MORE OR LESS, Situate IN SEBASTIAN COUNTY, STATE OF ARKANSAS, Peerless Coal Company, et al., and Unknown Owners, Appellants.**

**No. 20465.**

United States Court of Appeals,
Eighth Circuit.

May 13, 1971.

Rehearing Denied June 28, 1971.

Jerry Lee Canfield, Fort Smith, Ark., Daily, West, Core & Coffman, Fort Smith, Ark., by Thomas A. Daily, Fort Smith, Ark., for appellant.

John D. Helm, Atty., Dept. of Justice, Washington, D. C., Walter Kiechel, Jr., Acting Asst. Atty. Gen., Bethel B. Larey, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., George R. Hyde, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, Chief District Judge.

MEREDITH, Chief District Judge.

This is an appeal by the landowner from a judgment in a condemnation proceeding tried before the district judge without a jury. The opinion of the court below is reported in United States v. 883.89 Acres of Land, Etc., Sebastian Co., Ark., 314 F.Supp. 238 (1970). The opinion accurately sets out the facts, the testimony, and the reasons for the court's conclusions. We affirm the judgment of the district court.

The estate taken was for a term of years beginning July 1, 1967, and ending June 30, 1968, extendible on thirty days notice for yearly periods thereafter, at the election of the United States, until June 30, 1972. The United States has exercised these options at the appropriate intervals and is currently in its fourth consecutive year of possession. The leases in question cover two tracts of land: one containing 40.59 acres of land, located approximately three-quarters of a mile north of Greenwood, Arkansas; the larger tract contains 843.3 acres of land, located approximately twelve miles southeast of Fort Smith, Arkansas, and four miles east of Greenwood, Arkansas. Both tracts of land, prior to this proceeding, had been used as pasture land. The tracts consisted of scrub timber and open land grown up with brush. There were no improvements of any value on the land. The appellant-landowner does not own the mineral rights to the property in question, only the surface rights. The purpose of the taking was for use by a military training camp; the smaller tract was used as a rifle range and the larger tract as an artillery range.

The trial court entered a judgment for the landowner fixing the fair rental value of the property at $2,400 per year, or $12,000 for the entire period, with interest at the rate of six percent per annum from the due date of the rentals until paid.

The landowner complains that the trial court erred in adopting the testimony of the experts for the Government, because they failed to include any value for the renewal options; that the trial court erred in failing to compensate the landowner for damages inflicted by artillery shells upon the property; that the trial court erred in failing to adopt the theory of compensation advanced by the landowner and its experts. The landowner contended that just compensation was: 1967–1968, $7,071; 1968–1969, $7,495; 1969–1970, $8,909; 1970–1971, $9,386; 1971–1972, $9,864; Total $42,725.

The first question this Court must answer is whether or not the district court's award of just compensation is supported by substantial evidence. Rule 52(a), Federal Rules of Civil Procedure, provides: "Findings of fact shall not be

set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The Supreme Court in McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20 (1954), said:

"In reviewing a judgment of a trial court, sitting without a jury in admiralty, the Court of Appeals may not set aside the judgment below unless it is clearly erroneous. No greater scope of review is exercised by the appellate tribunals in admiralty cases than they exercise under Rule 52(a) of the Federal Rules of Civil Procedure * *. A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed,' United States v. Oregon [State] Medical Society, 343 U.S. 326, 339 [72 S.Ct. 690, 96 L.Ed. 978]; United States v. United States Gypsum Co., 333 U.S. 364, 395 [68 S.Ct. 525, 92 L.Ed. 746]."

This Court has followed basically the same principle in condemnation cases when it said in Evans v. United States, 326 F.2d 827, 829 (1964); quoting another Eighth Circuit case, Love v. United States, 141 F.2d 981, 982 (1944):

"Clearly the verdict was within the scope of the testimony. It can not be said, therefore, that it is not supported by substantial evidence. The record also discloses that the judge who heard all the testimony refused to grant a new trial. It is the law in the federal courts that verdicts based upon substantial evidence are conclusive of the facts on appeal. Under these circumstances we know of no rule which would authorize this court to hold that the verdict is inadequate and to reverse the judgment for that reason."

This Court, in United States v. 3,698.63 Acres of Land, Etc., North Dakota, 416 F.2d 65, 69 (1969), said:

"We do not exercise a fact-finder's prerogative of balancing the evidence."

The evidence adduced below consisted of six comparable tracts of leased land in the immediate vicinity of the land in question, where the rentals ranged from $1.75 to $4.00 per acre for open pasture land and twenty-five cents per acre for woodland. Applying these figures to the tracts in condemnation, the court arrived at its judgment. The comparable tracts had been rented from year to year with an oral lease and had been renewed each year, but the oral lease did not contain an option provision.

The landowner's testimony consisted of experts who arrived at the fair market value of the tracts in question and then applied the going interest rate in the area to the fair market value as a reasonable rate of return, then added six percent each year based on the national land values estimate of increase in the values of land. The experts for the landowner used this method based on their experience in the renting of *commercial* property. In their testimony they did not cite any pasture lands that were rented in this fashion. It was also their opinion that the Government's comparable sales were not proper for the reason that the oral leases contained no option provisions.

An owner of land sought to be condemned is entitled to the market value fairly determined. United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943). The experts for the landowners testified that some real estate developments were beginning to be made in the area and for that reason these lands should be considered as commercial property. But, as the Court said in United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, 275, 276, 63 S.Ct. 1047, 1053, 87 L.Ed. 1390 (1943):

"But in order for that special adaptability to be considered there must be a reasonable probability of the lands in question being combined with other tracts for that purpose in the reasonably near future. Olson v. United States, 292 U.S. 246, 255, [54 S.Ct. 704, 78 L.Ed. 1236]. In absence of such a showing, the chance of their being

united for that special use is regarded 'as too remote and speculative to have any legitimate effect upon the valuation.' McGovern v. New York, 229 U.S. 363 at 372, [33 S.Ct. 876, 57 L.Ed. 1228]."

In the instant case, such testimony was too speculative to be considered. The weight of the substantive evidence about the land in question shows that its highest and best use is for pasture land. The comparable sales of other leaseholds in the immediate area were adequate and substantial evidence of the market value of this leasehold. There was no substantial evidence in the record that these options had any value. The landowner has the burden of proof as to value. United States ex rel. T.V.A. v. Powelson, supra; Kimball Laundry Co. v. United States, 338 U.S. 1, 69 S.Ct. 1434, 93 L.Ed. 1765 (1949); Welch v. Tennessee Valley Authority, 108 F.2d 95 (6th Cir. 1939), cert. denied 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030 (1940).

As set out in Onego Corp. v. United States, 295 F.2d 461, 463 (10th Cir. 1961), the general rule of which there is no dispute is that it is fundamental in the law that

> "The value with which we are concerned is fair market value. That was what the Government was required to pay when it condemned these leases. Fair market value has been defined as that price which a willing purchaser would pay and a willing seller would accept under ordinary circumstances. The best evidence of such value is like and comparable sales within a reasonable time preceding the condemnation."

As stated by the court in Olson v. United States, supra, at 255, 54 S.Ct. at 708:

> "Just compensation includes all elements of value that inhere in the property, but it does not exceed market value fairly determined."

See also United States v. State of South Dakota Game, Fish & Park Dept., 329 F.2d 665 (8th Cir. 1964), cert. denied 379 U.S. 900, 85 S.Ct. 187, 13 L.Ed.2d

175 (1964). In the instant case the testimony of the experts for the landowner, in arriving at value was, at best, conjecture, speculation, or unwarranted assumption and as such has no probative value. See 6816.5 Acres of Land, Etc., Rio Arriba Co., N. M. v. United States, 411 F.2d 834 (10th Cir. 1969); People of Puerto Rico v. United States, 132 F.2d 220 (1st Cir. 1942), cert. denied 319 U.S. 752, 63 S.Ct. 1165, 87 L.Ed. 1706 (1943).

A review of the record clearly shows that the trial court committed no error in determining the fair market value of the leaseholds. The judgment is amply supported by the evidence.

The trial court did not err in failing to adopt the theory of the landowner as to the failure of the trial court to award any damages for diminution of value to the leasehold caused by its use as an artillery range. This question is premature, since the Government still occupies the land. See United States v. Gila River Pima-Maricopa Indian Community, 391 F.2d 53 (9th Cir. 1968); Flood v. United States, 274 F.2d 483 (9th Cir. 1960), cert. denied 363 U.S. 805, 80 S.Ct. 1239, 4 L.Ed.2d 1148 (1960).

Judgment affirmed.