# BOSTON CHAMBER OF COMMERCE *v*. CITY OF BOSTON.

### ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 99.  Argued March 2, 3, 1910.—Decided April 4, 1910.

This court accepts the construction of a state statute as to condemnation of land given to it by the state court.

While in condemnation proceedings the mere mode of occupation does not limit the right of an owner's recovery; the Fourteenth Amendment does not require a disregard of the mode of ownership, or require land to be valued as an unencumbered whole when not so held.

Where one person owns the land condemned subject to servitudes to

others, the parties in interest are not entitled to have damages estimated as if the land were the sole property of one owner, nor are they deprived of their property without due process of law within the meaning of the Fourteenth Amendment because each is awarded the value of his respective interest in the property.

195 Massachusetts, 338, affirmed.

THE facts are stated in the opinion.

*Mr. Charles A. Williams* and *Mr. Charles S. Hamlin* for plaintiff in error:

The market value of the "locus," the land taken for this street at the time of the taking, was $60,000.

Consequently, the owners in fee simple of the land unencumbered were entitled to recover in this proceeding $60,000. *Boom Company* v. *Patterson*, 98 U. S. 403.

In determining the damages sustained by an owner of land taken by eminent domain, the use which the landowner at the time of taking happens to be making of his land is not the only thing to be considered. The use which the owner of the land taken is making of the land at the time of the taking is absolutely and wholly immaterial. *Maynard* v. *Northampton*, 157 Massachusetts, 218, 219; *Eastern R. R.* v. *Boston & Maine R. R.*, 111 Massachusetts, 125, 132; and see also *Providence &c. R. R.* v. *Worcester*, 155 Massachusetts, 35; *Conness* v. *Commonwealth*, 184 Massachusetts, 541; *Fales* v. *Easthampton*, 162 Massachusetts, 422, 425.

The right of the petitioners to recover the fair market value of the land is not lost because of the fact that there is more than one owner, nor by reason of the fact that the entire title is held by different owners who own different interests, nor because of the fact that at the time of the taking the petitioners were making a use of the land similar in kind to the use which the city intended by its taking, to make of it.

And this although neither without the coöperation of the other could convey a clear title to the whole estate. *Edmands* v. *Boston*, 108 Massachusetts, 535.

The statute was not intended to be used so as to prevent

the recovery of full damages, *i. e.*, the fair market of the land taken. It was only intended to prevent the recovery of more than the fair market value.

The taking of land for a highway and subjecting it to that use in perpetuity, to the exclusion of all other uses, gives the owner of the land taken, the right to recover the fair market value of the land taken, even though technically an easement and not the fee is taken. If what is taken is practically co-extensive with the fee, and if the taking deprives the owner of the beneficial interest in the land, then it makes no difference in the quantum of the damage which he has sustained whether you call the taking a taking of an easement or a taking of the fee. *Lawrence* v. *Bost.*, 119 Massachusetts, 126; *Edmonds* v. *Boston*, 108 Massachusetts, 535; *Chase* v. *Worcester*, 108 Massachusetts, 60, 67; *Parks* v. *Boston*, 15 Pick. 198; *Newton* v. *Perry*, 163 Massachusetts, 319; *New Eng. Tel. & Tel. Co.* v. *Boston Terminal Co.*, 182 Massachusetts, 397, 399; *Sears* v. *Crocker*, 184 Massachusetts, 586.

The decision of the state court overlooks the vital fact that the petitioners by their agreement with reference to this land did not part with the right to sell the land to be used for any of the purposes for which it was adapted, while the taking by the city did deprive them of this right. *Blaney* v. *Salem*, 160 Massachusetts, 303.

In Massachusetts, easements in gross may be reserved in a deed poll, and may be separately sold and conveyed. *Goodrich* v. *Burbank*, 12 Allen, 459, 461; *Whittenton Mfg. Co.* v. *Staples*, 164 Massachusetts, 319, 328; *White* v. *Crawford*, 10 Massachusetts, 183; and see also *Matter of the Opening of Eleventh Avenue*, 81 N. Y. 436; *S. C.*, 27 App. Div. (N. Y.) 265; *Winthrop* v. *Welling*, 2 App. Div. (N. Y.) 229; *Re Canal Place*, 101 N. Y. Supp. 397; see also 115 App. Div. 458; and 191 N. Y. 525; *Re Jerome Avenue*, 105 N. Y. Supp. 319.

*Mr. Thomas M. Babson* for defendant in error:

Damages, when property is taken, are to be assessed as of

the time of taking. *Parks* v. *Boston*, 15 Pick. 198; *Cobb* v. *Boston*, 109 Massachusetts, 438; *Pitkin* v. *Springfield*, 112 Massachusetts, 509; *Burt* v. *Merchants' Ins. Co.*, 115 Massachusetts, 1; *Bates* v. *Boston El. Ry.*, 187 Massachusetts, 328.

The construction of the statute by the state court gave the plaintiffs in error just compensation measured by the loss caused them. The decision entitled them to receive the value of what they have been deprived. To have awarded more would have been unjust to the public. At the time of the taking of the easement of public travel the land taken was already subject to rights of way and to rights of light and air not only to the Wharf and Dock Corporation but to its assigns, and the owner of the land so taken may be limited in his recovery to nominal damages. *Bartlett* v. *Bangor*, 67 Maine, 460; *Walker* v. *Manchester*, 58 N. H. 438; *Wilkins* v. *Same*, 74 N. H. 275; *In re Ethel Street*, 24 N. Y. Supp. 689; *Olean* v. *Steyner*, 135 N. Y. 341; *In re Adams*, 141 N. Y. 297; *Washburn* v. *Common Council*, 128 App. Div. (N. Y.) 44, 49; *Gamble* v. *Philadelphia*, 162 Pa. St. 413; *C., B. & Q. R. R. Co.* v. *Chicago*, 166 U. S. 226.

Servitudes which diminish the value of land are a legitimate ground for a reduction of damages. *Tobey* v. *Taunton*, 199 Massachusetts, 411; *Crowell* v. *Beverly*, 134 Massachusetts, 98. See also *Allen* v. *Boston*, 137 Massachusetts, 319; *New England Tel. & Tel. Co.* v. *Boston Terminal Co.*, 182 Massachusetts, 400.

The filing of a stipulation signed by the plaintiffs in error could not make the property taken unencumbered building land, and as such the property of a single owner in fee, when at the time of the taking it was not. To so construe the statute would have been to deprive the public of property without due process of law rather than the plaintiffs in error. Thus the United States will follow the construction of a state statute given it by the highest court of the State. *Maiorano* v. *B. & O. R. R. Co.*, 213 U. S. 268; *Smiley* v. *Kansas*, 196 U. S. 447, 455; *Tullis* v. *Lake Erie & Western R. R. Co.*, 175 U. S. 348, 353; *Covington* v. *Kentucky*, 173 U. S. 231.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for the assessment of damages caused by the laying out of a public street over 2955 square feet of land at the apex of a triangle between India Street and Central Wharf Street in Boston, the latter being a private way between Milk Street and Atlantic Avenue, laid out by the same order as part of the same street. The Chamber of Commerce had a building at the base of the triangle and owned the fee of the land taken. The Central Wharf and Wet Dock Corporation, which owned other land abutting on the new street, had an easement of way, light and air over the land in question, and the Boston Five Cents Savings Bank held a mortgage on the same, subject to the easement. These three were the only parties having any interests in the land. They filed an agreement in the case that the damages might be assessed in a lump sum, the city of Boston refusing to assent, and they contended that it was their right, as matter of law, under the Massachusetts statute, R. L. c. 48, p. 495, §§ 20, 21, 22, and the Fourteenth Amendment, to recover the full value of the land taken, considered as an unrestricted fee. The city on the other hand offered to show that the restriction being of great value to the Central Wharf and Wet Dock Corporation, the damage to the market value of the estate of the Chamber of Commerce was little or nothing, and contended that the damages must be assessed according to the condition of the title at the date of the order laying out the street. It contended that the jury could consider the improbability of the easement being released as it might affect the mind of a possible purchaser of the servient estate, and that the dominant owner could recover nothing, as it lost nothing by the superposition of a public easement upon its own. The parties agreed that if the petitioners were right, the damages should be assessed at $60,000, without interest, but if the city was right they should be $5,000. The judge before whom the case was tried ruled in favor of the city, and this ruling was sustained by the Supreme

Judicial Court, upon report. 195 Massachusetts, 338. A judgment was entered in the court where the record remained, and then the case was brought here.

We assume in favor of the petitioners, the plaintiffs in error, that their only remedy was under the statute; and we give them the benefit of the doubt in interpreting the decision of the court, so far as to take it to mean that the statutes of Massachusetts authorize the taking of land held as this was with no other compensation than according to the principle laid down. In short, we assume in their favor that the constitutional question is open, and that the case properly is not to be dismissed. But we are of opinion that upon the only possible question before us here the decision was right.

Of course we accept the construction given to the Massachusetts statute by the state court. *Maiorano* v. *Baltimore & Ohio R. R. Co.*, 213 U. S. 268, 272. The only question to be considered is whether when a man's land is taken he is entitled by the Fourteenth Amendment to recover more than the value of it as it stood at the time. For it is to be observed that the petitioners did not merely contend that they were entitled to have the jury consider the chance of getting a release, for whatever it might add to the market value of the land, as the city merely contended that the jury should consider the chance of not getting one. The petitioners contended that they had a right, as matter of law under the Constitution, after the taking was complete and all rights were fixed, to obtain the connivance or concurrence of the dominant owner, and by means of that to enlarge a recovery that otherwise would be limited to a relatively small sum. It might be perfectly clear that the dominant owner never would have released short of a purchase of the dominant estate—in other words, that the servitude must have been maintained in the interest of lands not before the court—but still, according to the contention, by a simple joinder of parties after the taking, the city could be made to pay for a loss of theoretical creation, suffered by no one in fact.

The statement of the contention seems to us to be enough.

It is true that the mere mode of occupation does not necessarily limit the right of an owner's recovery. *Boom Co.* v. *Patterson*, 98 U. S. 403, 408. *Louisville & Nashville R. R. Co.* v. *Barber Asphalt Co.*, 197 U. S. 430, 435. But the Constitution does not require a disregard of the mode of ownership—of the state of the title. It does not require a parcel of land to be valued as an unencumbered whole when it is not held as an unencumbered whole. It merely requires that an owner of property taken should be paid for what is taken from him. It deals with persons, not with tracts of land. And the question is what has the owner lost, not what has the taker gained. We regard it as entirely plain that the petitioners were not entitled as matter of law to have the damages estimated as if the land was the sole property of one owner, and therefore are not entitled to $60,000 under their agreement. See *Bartlett* v. *Bangor*, 67 Maine, 460, 468. *Walker* v. *Manchester*, 58 N. H. 438, 441. *Gamble* v. *Philadelphia,* 162 Pa. St. 413. *Matter of Adams*, 141 N. Y. 297. *Olean* v. *Steyner*, 135 N. Y. 341, 346. *Crowell* v. *Beverly*, 134 Massachusetts, 98. There is some subordinate criticism under the alternative agreement giving them only $5,000: It is noticed that this was conditioned upon the petitioners not being entitled as just stated, and upon the admissibility of the evidence offered by the city, and upon the substantial correctness of the requests for rulings; and it is said that the evidence was not admissible. It seems to us that the worst objection to it was that it was offered to prove the obvious. But taking the agreement fairly we think it meant only to contrast broadly the position of the two sides, and made the result depend upon which was right.

*Judgment affirmed.*