PER CuRiam :
The facts found and the conclusions stated apparently leave no room for discussion except upon one point, and that is whether the taking was a taking of private property within the meaning of the Fifth Amendment to the Constitution.
The fee of the road taken is assumed to have been in the abutting property owner in accordance with the general rule in the State of Kentucky. The county’s property was an easement which it held in trust for the benefit of the public.
*424 While such property is within most of the definitions of public and not private property, we are of the opinion that for purposes of compensation as for a taking under the Constitution it is properly to be regarded as private property and upon that theory we have awarded judgment. Authorities directly upon the question are scarcely to be found. In Coyle v. Gray, Atty. Gen., Court of Appeals of Delaware, 30 Atl. Rep., 728, discussing municipal property in its relation to the State, it is said:
“ The municipality may hold property in which all the inhabitants of a State or of a county may be said to have an interest in some respect, but not as owners or proprietors. And it may also hold property in which the inhabitants of the municipality alone may properly be said to have an interest. Both classes of property are public — the one, as to the people of the whole State or county; the other, more particularly, as to the inhabitants of the municipality. It is only in this sense that the words ‘ public ’ and ‘ private ’ can with propriety be applied to such property, when held by a municipality. Although the property held for the municipality is in fact public, as common to all the inhabitants of a city, it nevertheless may justly be said to be private property, as being such property as is exempt from being taken or applied to any other public use by the State, or by authority of the State, without compensation being made.”
Judgment will be accordingly rendered in favor of plaintiff in the sum of $2,043.32.