## UNITED STATES v. CERTAIN PARCELS OF LAND IN CITY OF BALTIMORE, PARCEL NO. 12.

### No. 1361.

District Court, D. Maryland.
March 4, 1942.

Wilmer H. Driver, Sp. Asst. to Atty. Gen., and Robert R. MacLeod, of Washington, D. C., Atty., Department of Justice, for petitioner on motion for new trial.

Allen A. Davis, of Baltimore, Md., for Mayor and City Council of Baltimore.

CHESNUT, District Judge.

The above suit involved the condemnation by the Government of numerous parcels of land in Baltimore City for a federal defense housing project. Parcel No. 12 consisted of two right-angle segments of forty foot public streets. The title to the bed of the streets subject to the public easement was vested in the abutting property owners. The Mayor and City Council of Baltimore was named in the Government's petition as one of the defendants interested in the condemnation proceedings. As a result of the trial of the case the jury awarded to the City the sum of $1919.59 as just compensation for its interest in the public streets. The United States duly filed a motion for a new trial on the ground that the amount of the award was excessive in that the amount should have been limited to nominal damages only. This motion has been argued orally and briefs have been submitted by the parties.

The Government contends that the amount of the jury's award was evidently based on valuing the superficial area of the land within the boundaries of the streets at the rate of the value of the abutting land owned in fee by other persons; and the principal point of law made in support of the motion for a new trial is that

this was a permissible basis of valuation under the court's oral charge to the jury.

Parcel No. 12 was only one of numerous parcels embraced in the same condemnation proceeding. A jury selected to hear and decide the questions of valuation was, in accordance with the Maryland state procedure, sent to view the whole property involved in the one condemnation proceeding. Subsequently the jury heard testimony with respect to the parcels respectively. Thus the jury heard testimony as to the valuation of the properties abutting on the streets in question. While the jury's award as to parcel No. 12 was separately found and fixed in writing on the appropriate "inquisition" the finding of valuation as to parcel No. 12 was practically contemporaneous with the finding by the same jury of the valuations of other parcels owned respectively in fee by other persons.

With respect to parcel No. 12, counsel for the Government submitted only one request for an appropriate instruction which did not set up any particular basis for valuation of the streets different from that relating to other parcels of land involved in the same proceeding. The court granted the instruction so requested. In the oral charge the jury was accordingly instructed that its basis of valuation should be to ascertain as far as possible the fair market value of parcel No. 12. The only evidence in the case directly relating to valuation was evidence of the value of land abutting on the streets. In the oral charge the evidence as to this was summarized by the court for the jury. Counsel for the Government in argument to the jury contended that its award to the City should be for nominal damages only because the streets were public streets and of no real value to the City but rather a liability. The only exception noted by counsel for the Government to the oral charge of the court was that the court in its charge should have expressly restricted the jury's award to nominal damages. The court then orally told the jury that they could award only nominal damages to the City if they found that the value of the City's interest in the streets was only nominal.

The matter was further complicated by the fact that one of the abutting property owners asserted the claim that the streets had been abandoned by non-user and consequently his ownership in fee of the bed of the street had become an absolute interest in fee, not subject even to the easement

of use as a public street. It also appeared that the City had constructed water pipes in at least one part of one of the streets although it was not precisely clear on the testimony as to whether these pipes extended into the area embraced in parcel No. 12. In the jury's inquisition which awarded $1919.59 to the City for its interest in the streets, the jury also awarded to one of the abutting owners, one Baer, the sum of $1157.86 for his interest in the bed of the street. From this it is contended with plausibility that the jury's award to the City and to Baer respectively showed that the jury must have determined that the street had not been abandoned as a public street. I think it is a reasonable inference from the course of the trial, the oral charge as a whole and the awards as determined by the jury to the parties respectively that: (1) the jury found the streets had not been abandoned; (2) that both the City and Baer had substantial valuable interests in parcel No. 12; (3) that parcel No. 12 was valued in fee absolutely by the jury on the basis of its superficial area in proportion to the valuation by the same jury of absolutely owned land of abutting owners and (4) that the total valuation for the streets was then divided by the jury between Baer and the City on some basis as determined by the jury. So far as Baer's interest was concerned apart from the City's, it may be observed that it might have been simpler and some complications avoided if Baer's interest in parcel No. 12, the street, had been determined by the jury along with his absolute interest in his abutting lot. But as presented by the Government's petition for condemnation, parcel No. 12 and all interests therein was necessarily presented to the jury as an entity, separate and apart from the proper valuation of Baer's abutting property.

It may also preliminarily be observed that while numerous other tracts of land have been valued by condemnation juries in this court in recent years, particularly during the last year, the instant case now under consideration is the first that has been tried involving separately the valuation of a public street and this, plus the further fact that parcel No. 12 was only one of numerous other parcels involved in the same case, probably accounts for the fact that counsel on neither side gave special consideration or attention to the rules of law as to the proper method of computing "just compensation" to Baltimore City for its interest in the streets. It is appar-

ently not contended now by counsel for the Government that there is any reversible error in the trial either as to matters of evidence or in the charge to the jury as excepted to, but that nevertheless the verdict should be vacated because the case as a whole was tried on an erroneous theory of law as to the proper method of determining just compensation, or, perhaps more correctly stated, without presentation of the particular rules of law as to determining just compensation with respect to a City street. The Government, therefore, now contends that, despite the non-existence of reversible error in the trial, the amount of the award to the City is excessive, should have been limited to nominal damages only, and the verdict as it stands is necessarily unjust and a new trial should be awarded. Norton v. City Bank & Trust Co., 4 Cir., 294 F. 839, 843, Rose, J.; Pittsburgh, C. & St. L. Railway Co. v. Heck, 102 U.S. 120, 26 L.Ed. 58.

█ From a recent examination of judicial decisions relating to the proper basis for determining just compensation in the condemnation by the federal government of public streets, I have concluded that the jury in this case should have been instructed more particularly with regard to the subject matter, and I think it is the duty of the court to grant a new trial in order to prevent possible injustice to the condemning authority.

██ While I am not now prepared to hold as a matter of law that the award to the City should have been limited to nominal damages only, the method of valuation which seems to have been the basis for the jury's determination was probably erroneous. The Government is entitled to have the award to the City made on the basis of the City's easement alone in the streets. While it has been customary in these condemnation cases to let the jury determine the full value of the property taken as an entity, irrespective of the particular interests therein, and then divide the whole value among the respective interests, this rule is not universally applicable to all cases and is seemingly inapplicable to public streets. See Nichols on Eminent Domain, 2d Ed. Vol. 1, § 231; Boston Chamber of Commerce v. Boston, 217 U.S. 189, 30 S.Ct. 459, 54 L.Ed. 725; Fitzhugh v. United States, 59 App.D.C. 285, 40 F.2d 797; Baltimore City v. Latrobe, 101 Md. 621, 61 A. 203, 4 Ann.Cas. 1005; Gluck v. City of Baltimore, 81 Md. 315, 32 A. 515, 48 Am.St.

Rep. 515; In re Public Beach, 269 N.Y. 64, 199 N.E. 5. In the Boston case, supra [217 U.S. 189, 30 S.Ct. 460, 54 L.Ed. 725], it was said by Mr. Justice Holmes:

"* * * the question is, What has the owner lost? not, What has the taker gained? * * *."

█ It is clear enough that the taking by the federal government of a city street or highway is within the protection of the 5th Amendment with respect to just compensation. Town of Bedford v. United States, 1 Cir., 23 F.2d 453, 56 A.L.R. 360; United States v. Wheeler Township, 8 Cir., 66 F.2d 977; Wayne County, Ky., v. United States, 53 Ct.Cl. 417, affirmed per curiam 252 U.S. 574, 40 S.Ct. 394, 64 L.Ed. 723. But there seems to be no settled rule, invariably applicable, how to determine what is just compensation in such cases. If a private street is condemned and opened as a public street the proper method of valuation may be different from the taking and closing of a public street. In the latter situation it has some times been held that the proper measure of damages is the cost to the public authority of providing other necessary, suitable and adequate highways. See United States v. Wheeler Township, Town of Bedford v. United States, and Boston case, supra. Seemingly also the method may vary in the different situations where the public authority has an easement only for highway travel, and alternatively where it owns the street in fee; and the matter may again be affected by considerations as to whether the City's authority extends to the use of the bed of the streets for the installation of pipe services, such as water and sewerage. In general it may be said that where the property is subject to an easement, the owner of the easement and the owner of the bed of the street are not jointly entitled to compensation for the whole, but their respective interests must be separately valued. Boston case, supra. And it may be that the sum of the respective values will be more or less than the value of the whole parcel taken as an entity irrespective of the separate valuations. Thus in Maryland at least it has been held that the sum of the interests of a landlord and tenant in a particular property taken may, in certain cases, be more than the value of the property as a whole in one ownership. Baltimore City v. Latrobe, 101 Md. 621, 61 A. 203, 4 Ann.Cas. 1005; Gluck v. City of Baltimore, 81 Md. 315, 32 A. 515, 48 Am.St. Rep. 515. In some situations, as for in-

stance where a privately owned street is condemned as a public thoroughfare, the valuation may properly be limited to nominal damages only.' Cf. United States v. Prince William County, D.C., 9 F.Supp. 219, affirmed 4 Cir., 79 F.2d 1007, certiorari denied 297 U.S. 714, 56 S.Ct. 590, 80 L.Ed. 1000. The ultimate test in all cases is what is the fair market value of the interest in the property that is taken by the condemning authority.

In the instant case it appeared that the superficial area of the public streets in parcel No. 12 was approximately 1.7 acres of land and that Baltimore City owned only an easement of use for public travel and not the beds of the streets which were owned in fee by the abutting owners, although the City apparently had the right to use the beds for various municipal services. It further appeared that before 1918 (when the City boundaries were first extended to include the area in question) a large tract of land including the area of parcel No. 12 was originally laid out in lots by the then owner and the streets dedicated to public use. Neither Baltimore County, which previous to 1918 had municipal jurisdiction, nor Baltimore City after 1918, had improved these streets by grading, curbing or paving. Baer, one of the abutting owners, claimed that he had for many years continuously used the area of at least one-half of the street abutting his property for market gardening purposes. On the other hand there was evidence in the case that although unimproved the streets were at times used as highways by the public, and there was some evidence that the City had placed pipes in one of the streets although not certainly within the area of parcel No. 12. It further appeared that the streets in question were wholly embraced within a much larger area being taken by the federal government for a defense housing project, and that this whole area will be closed and used for that purpose; and it is perhaps arguable that the City will be under no necessity to open or maintain other streets as a means of public convenience and travel as a substitute for those condemned, as it did not clearly appear that the streets embraced in parcel No. 12 were only segments of through highways connecting with other city streets. It also appeared that some years ago Baltimore City opened, graded and paved the new Erdman Avenue which is a quite modern city street forming the southern boundary of the whole defense housing area taken by the Government in

this case. From these considerations the Government wishes to contend that the City's easement in parcel No. 12 is of little or only nominal value. But without expressing any opinion as to this, I have concluded that a new trial should be granted so that the whole case on both sides may be more fully and particularly considered in determining the just compensation for the City's interest in parcel No. 12. It is so ordered.