## MESSER et al. v. UNITED STATES.
### No. 11734.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1946.

**794**

Wade H. Morton, of Birmingham, Ala., for appellants.

David L. Bazelon, Asst. Atty. Gen., Roger P. Marquis and Jason Lee, Attys., Department of Justice, all of Washington, D. C., John D. Hill, U. S. Atty., of Birmingham, Ala., and Duke Logan, Sp. Atty., Department of Justice, of Anniston, Ala., for appellee.

Before HOLMES, McCORD, and LEE, Circuit Judges.

LEE, Circuit Judge.

The United States in the court below instituted condemnation proceedings to acquire in Jefferson County, Alabama, certain land upon which was situated a house and other improvements, for use during a term of years in connection with the Birmingham Municipal Airport. The United States obtained an order of immediate possession of the property and then removed the house and other improvements. Subsequently, the Supreme Court of Alabama[1] decreed that the city of Birmingham was the owner of the fee and that Irene Messer was the owner of the house and improvements on said fee. The court further held that, as a licensee under the city of Birmingham, Irene Messer was entitled, on revocation of the license, to remove the house and improvements within a reasonable time. The United States then contracted with the city of Birmingham for the use of the land for a term of years, and the court below dismissed the condemnation proceedings. Later, the court reinstituted the condemnation proceedings for the sole purpose of determining the value of the house and other improvements located upon the land when the condemnation proceedings were instituted. In a jury proceeding, upon conflicting testimony as to the value of the house and improvements, Irene Messer obtained a judgment for $1,000. From this judgment Irene Messer and her husband, Glenn E. Messer, appealed.

By way of objection to questions posed by counsel for the United States and by way of a motion for a new trial, the appellants raise the sole question upon this appeal: Was it correct for the jury to consider, in its determination of just compensation for the house and other improvements, that the owner was under a duty to the owner of the land to remove them within a reasonable time after notice was given?

Irene Messer was entitled to receive the "market value fairly deter-

---

[1] Messer v. City of Birmingham, 1942, 243 Ala. 520, 10 So.2d 760.

mined"[2] for the house and other improvements. Market value is what a willing buyer would pay in cash to a willing seller.[3] The Constitution "merely requires that an owner of property taken should be paid for what is taken from him. * * * And the question is, What has the owner lost? not, What has the taker gained?"[4] A willing buyer of Irene Messer's house would not pay as much for the house and other improvements subject as they were to an obligation for removal as a willing buyer would pay for the house and other improvements not subject to this obligation. Therefore, in finding the "market value fairly determined" the jury correctly considered that a willing buyer would not pay as much for Irene Messer's property subject to the obligation as for her property not subject to the obligation.

The appellants argue: "The right to remove the property was taken, along with the property itself. No right of removal exists in favor of the owner, as it was extinguished upon the taking. Upon the taking, the Government stepped into all of the property rights, both present and prospective, of the licensor and the licensee alike. The Government, however, did not become the licensor as against the licensee. If so, justice would require that the licensee be afforded reasonable notice and opportunity to protect their property rights by removal of the improvements."

The argument must fail because[5] "compensation for the taking of property for public use must be determined as of the time of taking."[6] The fact that the United States contracted with the city of Birmingham for the use of the land does not give Irene Messer any greater right against the United States for the taking of her property.[7] Therefore, Irene Messer is entitled to only what a willing buyer would pay her for her house and other improvements subject to her duty to remove it.

As authority for its argument the counsel for the appellants rely upon three cases, which are controlling neither in principle nor in authority. In the first of the three cases, the Court of Appeals of the District of Columbia[8] held that, where the United States condemns land with fixtures attached and the tenant has a privilege but no duty to the landlord to remove the fixtures, the United States may not require the tenant to remove the fixtures and thereby escape liability for condemnation of the fixtures.

In the second case, the New York Court of Appeals held,[9] where a state condemned land with fixtures attached, it could not discharge its obligation to pay fair compensation for the fixtures to the owner of both the fixtures and land by returning to the owner the severed fixtures that no longer retained substantial value after severance.

In the third case cited by appellants, the St. Louis Court of Appeals held,[10] where the city condemned land on which a tenant owned fixtures with the privilege and duty to remove the fixtures at the termination of the lease, that the tenant was not limited to the salvage value and her share

---

[2] United States v. Miller, 1942, 317 U.S. 369, 374, 63 S.Ct. 276, 280, 87 L.Ed. 336, 147 A.L.R. 55.

[3] Ibid.

[4] Boston Chamber of Commerce v. City of Boston, 1909, 217 U.S. 189, 30 S.Ct. 459, 460, 54 L.Ed. 725, 727.

[5] The argument of appellant fails to distinguish between the condemnation of all interests in property and the condemnation of some of the interests. Where the case is the former, the Government is interested in the award of a lump sum for all interests taken, and not in the division of the lump sum among the owners of the interests. See United States v. 25,936 Acres of Land in Borough of Edgewater, 1946, 3 Cir., 153 F.2d 277. Where, as here, the Government settles with the owner of one interest, the question of compensation for all interests is irrelevant; only the question of just compensation for the interest taken concerns the Government. United States v. Petty Motor Co., 1946, 327 U.S. 372, 374, 66 S.Ct. 372.

[6] 29 C.J.S., Eminent Domain, § 185 p. 1068.

[7] United States v. Petty Motor Co., supra, 376.

[8] United States v. Seagren, 1931, 60 App.D.C. 183, 50 F.2d 333.

[9] Jackson v. State, 213 N.Y. 34, 106 N.E. 758 (1914).

[10] City of Ladue v. St. Louis Public Service Co., 1943, Mo.App., 168 S.W.2d 966.

of the award need not be reduced to the cost of moving the buildings. The court said "she was entitled to the market value of her buildings, ascertained on the basis of what they were worth for the use to which they were employed as they stood upon the land." [11]

The judgment appealed from is affirmed.