## SOUTHERN CALIFORNIA FISHERMAN'S ASS'N et al. v. UNITED STATES.

### No. 11956.

United States Court of Appeals
Ninth Circuit.

May 19, 1949.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for appellants.

A. DeVitt Vanech, Asst. Atty. Gen., James M. Carter, U. S. Atty., Los Angeles, Calif., John F. Cotter, Fred W. Smith and Elizabeth Dudley, Attys, Dept. of Justice, Washington, D. C., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellants, under permits from the City of Los Angeles, California, erected improvements upon land situate at Terminal Island in Los Angeles Harbor. The permits were revocable at the pleasure of said city and appellants were privileged to remove all improvements erected thereon within thirty days after receipt of notice of termination of permit. The city served notice of termination of permits upon appellants on February 21, 1942. After service of said notice and before appellants had taken any action relative to the removal of the improvements, the United States Government took possession of the land and improvements, pursuant to a court order for immediate taking. The amended complaint in the condemnation proceeding included both the improvements and the land.

Prior to the trial of the case the United States Government made a settlement with the City of Los Angeles relative to the price to be paid said city for the land. The question of the compensation to be paid appellants for their improvements was submitted to the trial court for determination. That court found the fair and reasonable compensation to be paid for the improvements was their reasonable value removed from the land.

Appellants challenge this method of evaluation. Their theory is that the correct method is to value the land and improvements as a whole, thus giving to the improvements an enhanced value by being attached to the realty.

■ It has been held that the basis of evaluation is not what the taker gained but rather that which the owner lost. Olson v. United States, 292 U.S. 246, 255, 54 S.Ct. 704, 78 L.Ed. 1236; United States ex rel. T. V. A. v. Powelson, 319 U.S. 266, 281, 63 S.Ct. 1047, 87 L.Ed. 1390; Boston Chamber of Commerce v. Boston, 217 U.S. 189, 195, 30 S.Ct. 459, 54 L.Ed. 725.

In ascertaining loss to the owner we look to the value of improvements as they stood at the time of taking and in so evaluating them mode of ownership and state of the title should not be disregarded. The Government was merely required to pay the owners of the improvements the value of that which was taken from them.

■ The constitutional requirement that just compensation be paid when property is taken deals with persons and not with tracts of land. We think in this case that appellants were not entitled, as a matter of law, to have the damages estimated as if the land and improvements were the sole property of one owner. Cf., Boston Chamber of Commerce v. Boston, 217 U.S. 189, 30 S.Ct. 459, 54 L.Ed. 725. Just compensation for the owner of property taken under the right of eminent domain is measured by the pecuniary loss to the owner. The pecuniary loss to appellants in this case was the fair market value of his property at the time of taking on February 27, 1942. United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55; Messer v. United States, 5 Cir., 157 F.2d 793. In arriving at the compensation to be paid the trial court found the value of the improvements was vitally affected by the requirement that they be removed in thirty days. Therefore, the fair market value became, in fact, the removal value of the improvements.

■ Appellants occupied Terminal Island at the time of taking under the express condition they were to vacate the land within thirty days, with the right to take such improvements as they saw fit. The net worth of the improvements was thus subjected to that condition. Appellants' loss, insofar as just compensation is concerned, was no greater than the legal rights allowed under the permits which, after service of notice of termination, was the removal value plus the right to retain them upon the land for thirty days.[1] See, United States v. Petty Motor Co., 327 U.S. 372, 380, 381, 66 S.Ct. 596, 90 L.Ed. 729. Such is a "market value fairly determined." That is, what a willing buyer would have paid in cash to a willing seller. Compensation at such a value would place the owners in as good a pecuniary position as though their property had not been taken. This is all that may be required. United States, ex rel. T. V. A. v. Powelson, 319 U. S. 266, 282, 63 S.Ct. 1047, 87 L.Ed. 1390; Olson v. United States, 292 U.S. 246, 255, 54 S.Ct. 704, 78 L.Ed. 1236.

Appellants' position that because the Government did in fact receive both land and improvements and should therefore compensate for land and improvements as a unit shifts the basis of evaluation to what the taker gained rather than what the owner lost.

We think the case of Messer v. United States, 5 Cir., 157 F.2d 793, supra, is directly in point, despite the efforts of appellants to distinguish it. In substance the facts are the same; the procedural differences pointed out by appellants do not change the legal principles involved.

Judgment affirmed.

---

[1] The trial court found, and it is not contested here, that the unexpired balance of the thirty-day term had no value.