Hart, J.,
 

 concurring. I concur in both paragraphs of the syllabus and in the judgment in this case, but in so doing I deem it proper to express iny views as to some of the procedural steps necessary to be taken to meet legal requirements in such cases.
 

 I concur in the view that, under ordinary circumstances, all persons who have interests in a single parcel or tract of land held in fee under a single legal title may be made parties defendant in an action to appropriate the property for public use and a lump sum award may be made to the owners of the various rights and interests incident to the property. Thus in a single action a single award may be made to the holders of the fee, lienholders, lessees, easement holders or holders of any equitable title or interest in the tract or parcel of land. 29 Corpus Juris Secundum, 1102, 1103.
 

 Although, in such cases, the award may be made in gross to the parties having interests in the property, the total award must not, in any event, be less than the value of the land as a whole. The gross value of any such tract or parcel of land must be ascertained by computing the amount of damages to each of the several persons owning an interest in the tract, including any special values due to the condition, development or other surrounding circumstances affecting any such
 
 *71
 
 interest in the land, even though the aggregate of such value is more than the value of the tract as a whole.
 
 Mayor and City Council of Baltimore
 
 v.
 
 Latrobe et al., Trustees,
 
 101 Md., 621, 61 A., 203.
 

 If the damages to the various interests in the tract or parcel of land when added together exceed the value of the property as a whole, the particular interests should be separately valued, since the owner of each interest is entitled to full compensation for the amount of his interest so taken. Otherwise, constitutional requirements would not be met, resulting in the taking of property without due process of law.
 
 State, ex rel. McCaskill,
 
 v.
 
 Hall, Judge,
 
 325 Mo., 165, 28 S. W. (2d), 80, 69 A. L. R., 1256;
 
 United States
 
 v.
 
 Certain Parcels of Land,
 
 43 F. Supp., 687;
 
 State
 
 v.
 
 Platte Valley Public Power & Irrigation Dist.,
 
 147 Neb., 289, 23 N. W. (2d), 300, 166 A. L. R., 1196;
 
 In re City of New York,
 
 269 N. Y., 64, 199 N. E., 5;
 
 Boston Chamber of Commerce
 
 v.
 
 City of Boston,
 
 217 U. S., 189, 54 L. Ed., 725, 30 S. Ct., 459, affirming 195 Mass., 338, 81 N. E., 244;
 
 United States
 
 v.
 
 250 Acres of Land,
 
 43 F. Supp., 937;
 
 Romero
 
 v.
 
 Department of Public Works,
 
 17 Cal. (2d), 189, 109 P. (2d), 662.