UNITED STATES of America,
Plaintiff,

v.

133.79 ACRES OF LAND, MORE OR LESS, IN SEBASTIAN COUNTY, ARKANSAS; and Fort Smith River Development Corporation, et al., and Unknown Owners, Defendants,

Garrison Furniture Company, Ballman-Cummings Furniture Company, De Soto, Inc. (successor to Ward Furniture Manufacturing Company), and W. H. Lillard, Intervenors.

Civ. A. No. 1725.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

June 8, 1970.

Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for plaintiff.

Harper, Young & Smith, Ft. Smith, Ark., for defendants.

Bethell, Stocks, Callaway & King, Ft. Smith, Ark., for intervenors.

OPINION

JOHN E. MILLER, Senior District Judge.

The issues to be considered and resolved can best be understood by setting forth the former proceedings in this case before stating the contentions of the parties.

On May 1, 1963, the plaintiff, United States of America, filed its complaint to condemn and acquire (a) a perpetual and assignable right and easement to construct, operate, and maintain channel improvement works on, over and across Tract No. 111E–1; and (b) a temporary and assignable easement and right of way for a period of five years from the date of possession to locate, construct, operate, maintain, and repair a roadway in, upon, over and across Tract No. 111E–2. It was alleged that Tract No. 111E–2

contained 0.79 acre, more or less, and Tract No. 111E–1 contained 133 acres, more or less. Six Thousand dollars was deposited by the plaintiff as estimated just compensation, and the court entered an order for delivery of possession of the property to the plaintiff.

On May 17, 1963, the defendants P. H. Hardin and wife, Claude C. Ward, Jr., and wife, John P. Hendricks and wife; Mose Smith and wife, Grant T. White, and Fort Smith River Development Corporation filed their answer in which they alleged that they were the owners of the land and that the amount deposited as estimated was "wholly insufficient and inadequate, and the fair market value of the lands taken and the rights and interests sought to be taken therein by plaintiff are worth a sum greatly in excess of the amount deposited."

On September 18, 1963, the court entered an order in which it, inter alia, stated:

"THAT it has been determined that P. H. Hardin and Nadine Hardin, his wife; Claude C. Ward, Jr., and Emily F. Ward, his wife; John P. Hendricks and Gwendolyn Hendricks, his wife; Mose Smith and Lucille M. Smith, his wife; Grant T. White; and Fort Smith River Development Corporation were, on the date of taking by the United States of America, the rightful owners of said land, subject to a mortgage in favor of Gail Stroub Hendricks and any other outstanding interests of third parties; and

"THAT disbursement should now be made to the parties entitled thereto of the money now on deposit in the registry of this Court for said land as aforesaid."

In accordance with the order, the named parties were paid the said sum of $6,000 by draft dated September 18, 1963.

On November 8, 1963, the plaintiff amended its complaint by adding thereto as parties defendant the Athletic Mining and Smelting Company, Stephens Production Company and Charles H. Earl. A trial was had on April 22, 1964, to determine just compensation. On June 17, 1964, the court rendered a judgment in which it found that the land was known as Morris Island and contained a total acreage at the time of the filing of the complaint and declaration of taking of 160.50 acres. A perpetual easement was acquired on 97.35 acres designated as Tract No. 111E–1, leaving a balance of 63.15 acres on which a five-year temporary easement for a roadway of 0.79 acre was impressed, designated as Tract 111E–2. Thus, the actual remainder at the time of the taking was 62.36 acres. Just compensation was fixed at $21,246.00.

The Government appealed, and on August 3, 1965, the U. S. Court of Appeals for the Eighth Circuit reversed the judgment and remanded the case on the ground that the trial court did not fully consider the claim of the Government of special benefits conferred on the landowners by the improvement. United States v. Ft. Smith River Development Corp., (8 Cir. 1965) 349 F.2d 522. The mandate was filed August 25, 1965, and this court fixed June 14, 1966, as the date for trial. However, the case was stricken from the trial calendar and continued subject to resetting for trial at a later date.

On November 22, 1966, the intervenors filed a motion for leave to intervene as defendants and cross-claimants, in which they alleged that they were the owners of certain specifically described portions of the land involved herein. In granting leave to intervene and upon the filing of the answer and cross claim, the court entered an order in which it, inter alia, stated:

"And it appearing that the intervention of said parties raises the question of ownership of the land involved herein and it further appearing that said question of title should be determined by a proceeding in a state court and that further proceedings in this court should be stayed to allow intervenors a reasonable time in which to carry on such proceedings,

"IT IS, THEREFORE, ORDERED that said intervenors be and they are allowed a period of six months from this date in which to prosecute proceedings in a state court of proper jurisdiction for a determination of the title of the land involved in this cause; and"

Suit was filed in the Sebastian Chancery Court on January 19, 1967, by the intervenors herein against the defendants herein, and on December 29, 1967, the court rendered a decree finding the defendants to be the owners of the tracts, or 160.5 acres, which was appealed to the Supreme Court of Arkansas, which on January 13, 1969, reversed the decree of the Chancery Court and remanded the case for the taking of further proof necessary to the determination of legal description of that part of the land held adversely by intervenors. Upon the filing of the mandate, the Chancery Court, after a hearing as directed by the mandate, entered a decree dated February 18, 1970, in accordance with the mandate, in which it held that the intervenors were at the time of the taking the owners of certain specifically described tracts, to-wit:

| | |
|---|---|
| Garrison Furniture Company | – 20.7 acres |
| Ballman-Cummings Furniture Co. | – 21.7 acres |
| DeSoto, Inc. (successor to Ward Furniture Co.) | – 3.2 acres |
| W. H. Lillard | – 16.4 acres |

or a total of 62.0 acres of the total acreage in the tracts of 160.5 acres. The acreage owned by defendants was specifically described in the decree, but the number of acres was not stated. In other words, the court held that of the 160.5 acres in the two tracts, the intervenors owned 62.0 acres as above set forth and the defendants owned 98.5 acres at the time of the taking.

On February 20, 1970, two days subsequent to the entry of the final decree of the Chancery Court on the mandate of the Supreme Court, the intervenors filed their formal motion upon the stipulation dated April 3, 1968, for judgment against the plaintiff for $6,000.00 as just compensation to be paid to them by plaintiff for the taking of their interests and estates in the land. The material parts of the stipulation are as follows:

"It is stipulated and agreed by and between the parties hereto that the full just compensation payable by plaintiff, the United States of America, for the taking of the interests of said defendants in Tracts Nos. 111E–1 and 111E–2, as set forth in the Declaration of Taking filed herein, shall be the sum of $6,000.00, inclusive of interest; and

"It is further stipulated and agreed that the said sum of $6,000.00 shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the said land at the time of vesting of said interest thereto in the United States of America and that all such liens, encumbrances and charges of whatsoever nature shall be payable and deductible from the said sum; and

"It is further stipulated and agreed that the said sum shall be full and just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States of America by reason of the taking of the said interest in said land; and

"The said parties hereby consent to the entry of any and all orders and judgments necessary to effectuate this stipulation and agreement."

On March 9, 1970, the plaintiff filed its response to the motion for judgment,

the material parts of which are as follows:

"2. Further responding, United States of America states that it also entered a similar stipulation with the defendants P. H. Hardin and Nadine Hardin, his wife; Claude C. Ward, Jr., and Emily F. Ward, his wife; John P. Hendricks and Gwendolyn Hendricks, his wife; Mose Smith and Lucille M. Smith, his wife; Grant T. White; and Fort Smith River Development Corporation through their attorney Thomas Harper, whereby $6,000.00 was determined to be the compensation for the taking.

"3. Both stipulations with the original defendants, as set out in paragraph 2 above and with the intervening defendants, contained a provision that said sum of $6,000.00 shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the land at the time of vesting of said interest thereto in the United States of America, and that all such liens, encumbrances and charges of whatsoever nature shall be payable and deductible from the said sum.

"4. The sum of $6,000.00 has heretofore been disbursed to the original defendants, set out and named in paragraph 2, prior to the intervention of the intervening defendants.

"5. The United States of America denies that the intervening defendants are entitled to the total sum of $6,000.00 as just compensation, and further states that it is entitled to judgment against the original defendants, P. H. Hardin and Nadine Hardin, his wife; Claude C. Ward, Jr., and Emily F. Ward, his wife; John P. Hendricks and Gwendolyn Hendricks, his wife; Mose Smith and Lucille M. Smith, his wife; Grant T. White; and Fort Smith River Development Corporation, for the amount determined by the Court to be payable to the intervening defendants.

"WHEREFORE, plaintiff, United States of America, prays that the sum of $6,000.00 be determined to be just compensation for the taking of said tracts and for judgment against the defendants, P. H. Hardin, and Nadine Hardin, his wife; Claude C. Ward, Jr., and Emily F. Ward, his wife; John P. Hendricks and Gwendolyn Hendricks, his wife; Mose Smith and Lucille M. Smith, his wife; Grant T. White; and Fort Smith River Development Corporation, for any amount determined to be due to the intervenors, Garrison Furniture Company, DeSoto, Inc. (successor to Ward Furniture Company), Ballman-Cummings Furniture Company and W. H. Lillard, and that the Court determine the amount due each of the parties hereto."

The stipulation between plaintiff and defendants was executed on March 12, 1968. The one between plaintiff and intervenors was executed on April 3, 1968.

The defendants filed their reply to the Government's response to the motion of the intervening defendants, in which defendants stated that the interest of defendants had not been determined finally at the time of the execution of the stipulation; that neither the plaintiff nor defendants "ever considered that they would receive less than $6,000.00 which was paid to them, and that said stipulation and payment was in fact a compromise and settlement entered into by plaintiff and the above named defendants and that said stipulation was prepared by the office of the United States Attorney representing plaintiff herein. That the above named defendants did not warrant in the stipulation that they were the absolute owners, but agreed to accept said sum for their interest in said lands."

The prayer of the reply is that the defendants be dismissed from the controversy involving plaintiff and intervening defendants and that the court specifically find that the plaintiff is not entitled to any portion of the $6,000.00 received by them herein as liability owned in favor of the intervening defendants.

On April 2, 1970, the case was set for a pretrial conference to be held on May 14, 1970. At the conference it was agreed by all parties that the court should determine the issues raised by the stipulations executed by the various parties. The court requested the attorneys for the parties to submit briefs in support of their respective contentions, which briefs have been received and considered along with the entire record in the case.

On page 5 of their brief the intervenors stated:

"Unless the stipulations are construed to provide $6,000.00 for each set of claimants, the amount of damages due to each party has not been resolved, a full scale hearing on the amount of damages sustained by each set of claimants will prove necessary in the absence of other agreements by the parties. Litigation would not be shortened, and such a construction would be favorable only to the United States of America, and would be unjust to the other parties in consideration of the magnitude of the damages actually sustained."

On page 6 of their brief the intervenors stated:

"On the other hand, it is the position of the Garrison, et al., claimants that they and the United States Government are bound by the stipulation plainly stating that they are entitled only to $6,000.00 damages for their interest in the land taken. Such a construction resolves all issues in the law suit. It accomplishes the obvious purpose of the stipulation to conclude the case and works no injustice against the United States. Under such circumstances, the government should not be relieved of its obligation under the stipulation."

The defendants adopt the law as cited in the brief of intervenors and earnestly contend that all issues in the case were compromised and settled upon the execution of the stipulations.

The plaintiff, United States of America, on its brief argues that the stipulations fix $6,000.00 as the total compensation and that since the same has been paid to defendants, they should be required to satisfy the claim of intervenors, and that if the claimants cannot agree, the court should apportion the sum of $6,000.00 among them.

At the time each of the stipulations was executed the Chancery Court suit to determine the ownership of the tracts involved had been decided in favor of the defendants but was on appeal. Thus, the ownership of the land in question had not been finally determined, and this case was pending in this court for a new trial upon the mandate of the Court of Appeals directing a new trial with fuller and further consideration of the theory of the Government as to specific benefits to the landowners, United States v. Fort Smith River Development Corp., supra.

This court had previously fixed just compensation for the land taken at $21,-246.00, plus interest from the date of taking. Evidently the Government, as well as the intervenors and defendants, was anxious to compromise and fix by agreement the amount of compensation to be paid to each set of claimants. Accordingly, the defendants executed their stipulation on March 12, 1968, and 22 days later, April 3, 1968, the intervenors agreed to accept $6,000.00 as compensation for their interest that had been taken. The defendants have already been paid $6,000.00, but the intervenors have not been paid the compensation which plaintiff agreed to pay.

The stipulations are identical with the exception of the first paragraph in each, which merely lists the names of the parties. They are separate contracts and bind only the parties thereto. In the stipulation between the United States and the intervenors, they were referred to as defendants, but the reference did not include the original defendants who were not parties to the document.

"It is stipulated and agreed by and *between the parties* hereto that the

full just compensation payable by plaintiff, the United States of America, for the taking of the interests of said defendants in Tracts No. 111E–1 and 111E–2, as set forth in the Declaration of Taking filed herein, shall be the sum of $6,000.00 inclusive of interest;"

The identical paragraph appears in the stipulation executed by the defendants. However, the Government now contends that this court should hold that the sum of $6,000.00 should be determined to be just compensation for the taking of all interests in the tracts and that it have judgment against the defendants for any amount found to be due the intervenors, and that the paragraph in both the stipulations to the effect that "the said sum of $6,000.00 shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the said land at the time of vesting of said interest thereto in the United States of America and that all such liens, encumbrances and charges of whatsoever nature shall be payable and deductible from the said sum" means that the $6,000.00 which defendants had received should be applied to the payment of just compensation to the intervenors. The fallacy of such contention is apparent. The intervenors had no lien or any encumbrances on the land owned by defendants, and therefore do not owe defendants anything. The defendants had no interest in the land owned by intervenors, and the Government stipulated separately that just compensation for the interest taken by it from the intervenors was $6,000.00 and from the defendants was $6,000.00. The court cannot agree with any interpretation of the stipulations which would require the defendants to repay the Government or the intervenors any part of the sum of $6,000.00 which they received.

A study of the record and the provisions of the stipulations convinces the court that plaintiff realized the chances were that upon a new trial just compensation for all of the interests taken would exceed $12,000.00, and therefore thought it would be advantageous to it to agree that just compensation to each set of claimants be fixed at $6,000.00. It is difficult for the court to understand that if the Government believed that $6,000.00 was just compensation for the taking and that it did not intend to pay the intervenors just compensation out of the $6,000.00 which defendants had received, why it did not insert provisions in the stipulations drafted by it to that effect. The Government cannot be allowed now to change the stipulations.

The Constitution of the United States requires "that an owner of property taken should be paid for what is taken from him." Boston Chamber of Commerce v. City of Boston, (1910) 217 U.S. 189, 30 S.Ct. 459, 54 L.Ed. 725.

■■ The courts look with favor on stipulations designed to simplify, shorten or settle litigation, or save costs, 83 C.J.S. Stipulations § 2, p. 2, and will not give a forced construction. A stipulation should and will receive a fair construction and one that will render it reasonable and just to both parties rather than unreasonable or unjust. "In the absence of a showing as to surrounding circumstances, it is the duty of the courts to ascertain the intent of the parties from the stipulation as evidenced by the writing, and no words are to be added to it or substituted in its stead. The court will not write into the stipulation something which the parties did not see fit to include therein." 83 C.J.S. § 11, pp. 27–28. See, also, § 17, p. 37.

"The general rule is that parties are bound by stipulations voluntarily made." Farmers Co-Op. El. Ass'n Non-stock, Big Springs, Neb., v. Strand (8 Cir. 1967) 382 F.2d 224, 231.

In Burstein v. United States, (8 Cir. 1956) 232 F.2d 19, the court beginning at page 22 said:

"We shall now consider the effect of the stipulation. 83 C.J.S. Stipulations § 12, p. 30, states:

" 'Stipulations are the equivalent of proof and prevent an independent examination by a judicial officer or

body with respect to the matters stipulated.'

Valid stipulations are controlling and conclusive, and courts are bound to enforce such stipulations. Ordinarily courts have no power to make findings contrary to the terms of a stipulation. H. Hackfeld & Co. v. United States, 197 U.S. 442, 447, 25 S.Ct. 456, 49 L. Ed. 826; United States v. Kahriger, 3 Cir., 210 F.2d 565, 571; Andrews v. St. Louis Joint Stock Land Bank, 8 Cir., 127 F.2d 799, 804; 83 C.J.S., Stipulations § 17, p. 37, § 24, p. 57; 50 Am.Jur., Stipulations, § 17, p. 617.

"In Andrews v. St. Louis Joint Stock Land Bank, supra, this court quotes with approval from Arkansas Valley Sugar Beet & Irrigated Land Co. v. Ft. Lyon Canal Co., 8 Cir., 173 F. 601, 603, as follows, 127 F.2d at page 804:

" 'A stipulation to settle controversies, or to assist a court in deciding them, ought not to be discouraged by a narrow and unreasonable construction, that would defeat the manifest intention of one of the parties, acceded to by the other.' "

See, also, Osborne v. United States (8 Cir. 1965), 351 F.2d 111, 117.

The court finds that $12,000.00 is minimum compensation, not necessarily just compensation, for the interests of the defendants and the intervenors and that defendants are entitled to retain the sum of $6,000.00 they have already received and the intervenors are entitled to a judgment of $6,000.00 as agreed to in their stipulation. Therefore, judgment is being entered today for intervenors jointly against the United States of America in the sum of $6,000.00 and dismissing the motion of the Government for judgment against the defendants.

The above opinion contains the findings of fact and conclusions of law and is filed herein in lieu of formal findings of fact and conclusions of law, separately stated.